(Hamilton County Common Pleas.)

M. J. EASTON, a tax-payer, v. VILLAGE OF HYDE PARK.

There is no exception, growing out of any peculiarity in the character of the expenditure, to the application of section 2702, R. S., requiring a certificate that money appropriated by a municipal corporation is in its treasury to the credit of the proper fund and unappropriated for any other purpose.

HOLLISTER, J.

The action is brought to enjoin the defendant, a municipal corporation, from paying its solicitor (assuming that he was properly appointed) the salary designated in a certain ordinance. It is claimed by the plaintiff that the ordinance is void because, in addition to other objections, it provides for the expenditure of public moneys without a certificate having been first made by the proper officer that the money required to pay the salary was in the treasury of the corporation to the credit of the fund from which it was to be drawn, and not appropriated for any other purpose, as required by Section 2702, Revised Statutes. The solicitor contends that this law does not apply to the ordinary running expenses of a municipal corporation, and, after citing many cases which he thinks helpful, bases his claim on language of the circuit court in the case of Lima Gas Company v. Lima, 4 C. C., at page 28, where it is said:

"The application of Section 2702 is not to expenses incurred in running the city. It is to contracts affecting improvements to be made in the city."

An examination of all of the cases in Ohio in which that section is construed will fail to disclose any exception to its application growing out of any peculiarity in the character of the expenditure. It will not be necessary to enumerate the exceptions, but in each the reason why the rule could not operate was imperative.

Judge Gilmore, in State v. Hoffman, 25 Ohio St., 328, 334, gives as the object and effect of the enactment of that law, that " It will most certainly prevent expenditures in excess

of current revenues for the ordinary expenses of the city government."

Doubtless Hyde Park had provided for its ordinary expenses by arranging in advance for the creation of revenues by taxation for that purpose.

The expenditure provided for in the ordinance was in addition to those expenses and comes squarely within the reason and operation of the law.

This court can not, in principle, disinguish this case, from Bond v. Madisonville, 2 C. C., 449, in which the circuit court held that an attorney specially employed, although no definite sum was fixed for his compensation, could not recover for his services without showing that this section of the statutes had been complied with.

The demurrer to the petition is overruled.

George F. Osler for the laintiff.

W. J. Davidson for the defendants.